Good morning, Your Honors, and may it please the Court, Brianna Mierchef on behalf of Steven Quintana. Your Honors, my plan for today has been, I know the Court has optical isomers before me and after me, mine is the case that raises other issues, and so apart from mentioning just a few points on the standard difference in this case. And I'd like to ask you about those other issues primarily, so can I just ask you with respect to your first step act question, could you go back to the District Court and seek resentencing under the act? Because it only gets raised for the first time in your  Brianna Mierchef Yes, that's true. Steven Quintana Could you file, I forget the number, is it 35, Rule 35, a motion in the District Court for resentencing? Brianna Mierchef I don't think I could. I hadn't thought about it as a Rule 35. I think it would be barred because of timeliness. Steven Quintana Even though the act wasn't in effect at the time the judge sentenced you? Brianna Mierchef I'm not sure about that. I think we've sent other cases back under 851. Judge Cardone You've sent other cases back under 851 for the Court to reconsider, but I think it was in the finding of other errors, is that not? Steven Quintana That was my question. So assume we didn't find any other error. The government's argument is if we don't find any other error, we can't send it back. I'm not sure they're right, but I'm just asking. Brianna Mierchef I'm not sure they're right either because this is a direct appeal and it's a new law. Brianna Mierchef Right. And so my argument is that the Court has that authority under 2106, which says that even in the context where it affirms, both the Second Circuit and the Seventh Circuit have said, even where the Court affirms, it can remand if the circumstances are just. And we believe the circumstances here would be just. Judge Cardone And we don't have to take a position about whether the act actually applies, do we? Brianna Mierchef That's correct, Your Honor, and that would be left to the District Court to reconsider. Judge Cardone And if we were to do that, do the rest of your arguments regarding geometric isomers just fade because you're going to get your  Brianna Mierchef They don't entirely fade because the question of whether he's a career offender would still be relevant. Now I would say that if the Court remands under 2106, because it would change the statutory maximum, it would also change the guideline range. I assume that if the Court is recalculating the guideline, it could also reconsider the correctness of the career offender. Judge Cardone No, I guess the question is if we were to remand under 2106, could you then raise, you're now here what appears to be under plain error review on the geometric isomer issue because you never raised it. So you never objected to the, you never objected to the predicate, I'm sorry. Brianna Mierchef That's correct. Judge Cardone So the question is would you then have the ability to object to it? Brianna Mierchef I believe so, Your Honor, because if the Court has to recalculate the guideline, of course it has to recalculate the guideline correctly. And so I would say that at that point that issue could be raised. I will push back a little on the plain error. This Court in the Trinidad-Hernandez case applied Polaris-Galant to a Lorenzo argument and said that because it was part of the same argument that was raised before, it was on Genova review. It applied Polaris-Galant to a Lorenzo argument. Judge Cardone So why is this the same argument? Brianna Mierchef So this is the same argument in the same sense that Polaris-Galant means. Polaris-Galant says that claims can be waived, but arguments are not. And if a claim is preserved, the party on appeal can raise any argument in support of that. Judge Cardone Tell me what claim was preserved, that the sentence was excessive? Brianna Mierchef The claim that was preserved was that Mr. Quintana was not a career offender. And this Court in the Walton case applied in a case where the... Judge Cardone And you preserved it because you said that only one of the predicates should have applied. Brianna Mierchef That's true. That's the same facts of Walton. So Walton was a situation where the defendant below argued that he didn't have three ACCA predicates. When he got to appeal, he said that one of those ACCA predicates was not a violent felony. This Court said that that fell under Polaris-Galant and therefore received a Nova review. Now, I guess the second point on plain error and the Lorenzo question is that, of course, plain error needs to only be plain by the time of appeal, which means that should the court in the previous case hold that a further factual finding is required, that would be the case. Judge Cardone My issue in your citation to Walton is at least they argued that below that there were not three violent felonies. Here below, as I understand it, no one argued that Section 11378 was overbroad. Brianna Mierchef We did argue that he wasn't a career offender because there weren't two separate predicates. That's exactly the argument that was made in Walton. In Walton below, there was an argument that there were not three separate... Judge Cardone Walton attacked one of the predicates as not qualifying. Brianna Mierchef As not qualifying because they were not counted separately. Judge Cardone Because of overbread. Brianna Mierchef Because they were not counted separately was the argument below in Walton. That there were not three separate, that two of them, because they were not committed on different occasions, that that was the argument made below. It's the exact same posture here. Below, we said that there weren't two separate cases, there was only one, and here we're charging... Judge Cardone Can I ask you about your Mandrea argument? Brianna Mierchef Yes, I'd love to. Judge Cardone It seems to assume that what we do in this case is compare the state conviction to a generic federal crime. We've never held that,  Brianna Mierchef The court has held in both Liel-Vega and in Brown that the court is required to give the federal... Judge Cardone Definition of controlled substance. Brianna Mierchef Of controlled substance and of conspiracy. Judge Cardone Right, but have we ever held that in order to do this analysis, we must compare the state conviction to a generic federal crime? Brianna Mierchef I think, I mean, I read that as the holding of Liel-Vega and Brown, but I can't... Judge Cardone No, it's not. Liel-Vega says the term controlled substance is defined in the statute, and therefore you should apply the statutory definition of controlled, the federal statutory definition of controlled substance. Mike, I'm just, you may, you may want to argue from them that it's a natural, but I'm asking a very specific question because I need your help on this. Have we ever held that the way you do this analysis is to compare the state conviction to a generic federal crime? Brianna Mierchef So I think Liel-Vega and Brown are the two best examples, but if the court recalls in Liel-Vega... Judge Cardone So if those are your only two examples, then you don't need to, I know your argument from those. Brianna Mierchef But, so just to recall that Liel-Vega was an argument like this where the government said, you should apply the plain language. Controlled substance isn't defined in the statute. It's not a cross-reference to, like a... Judge Cardone And the court said it is. It's meant to be, the guidelines were meant to incorporate the federal definition of controlled substance. But they all, the guidelines also have a very specific intent requirement with the intent to distribute. And so the question is, why would the guidelines have incorporated the intent requirement of a separate federal statute which has different requirements? Brianna Mierchef I guess a couple answers to that. One, the it's the manufacture, import, export, distribution, correct. Judge Cardone With the intent to... Brianna Mierchef There is no, and possession with intent. There is no offense that prohibits those things in either federal or state law, apart from in Florida, that does not have a mens rea with respect to the substance. That would be my first answer. The second answer... Judge Cardone That doesn't, that still doesn't help me. My question is, why, you may be right, but the question is, why would we look to any when the guidelines themselves define the intent that's required? See, unlike the controlled substance, where the guidelines don't define what a controlled substance is, and the court said in Leal, so let's look at what federal law provides. Here, we have a self-contained definition of intent in the guidelines. Brianna Mierchef So, one thing, I think it would be passing strange to say that when the commission used the phrase possession with intent to distribute, it didn't mean the handle that that offense has in every state and federal law, and instead it meant some sort of separate actus reus in mens rea that could be defined by their common sense meaning. The second indication, the second reason we know that that's not what the commission intended, is that this was originally a list of offenses, 21, 841, 960 offense. When the commission changed that to simply have these phrases instead of having the list of statutes, it said that that was merely a clarifying amendment, that it was not intended to change. When Congress used, I'm sorry, when the commission used terms like an offense that prohibits manufacture, it should bring along with it the sense that an offense is used in every federal and state court, again, apart from Florida, which is that it has a mens rea with respect to the substance. I'd like to reserve my last minute and a half unless the court has pressing questions. All right. Good morning again, Ashley All for the United States. I'll start with the First Step Act. I agree that if the court were to remand for the First Step Act, that it likely does not need to reach any of the other issues because they're all raised under plain error, and they could be re-preserved in the court below. However, I don't believe there is a legal route to get there, as I, and I'll explain. What's the government's position? Does the act apply to this situation? It does not, Your Honor. Okay. We've never held that, have we? That's correct. So section 401 of the act has, they are very specific applicability provisions in the 400 range of the First Step Act. And section 401 very clearly says that it applies, I believe it's unless a sentence has been imposed. And there is no way to parse that. And pardon me, it's this section and the amendments made shall apply to any offense that was committed before the date of enactment if a sentence for the offense has not been imposed. So it's if a sentence has not been imposed. And certainly Congress was exercising its authority to make it partially retroactive, but it drew a fairly clear line in saying it's a sentence has been imposed. And there's really no rational reading of that that would say that a sentence in this case hasn't been sentence imposed. If this court remands on some other ground, then of course defendant can raise this argument before the district court because it'll be back before the district court. But is your friend right at the time for filing a motion in the district court for sentencing has passed? Yes. I mean, there is 18 U.S.C. 3rd F. 582 C that in narrow circumstances also allows amendment of a sentence. That does not apply here to section 401 of the First Step Act. It applies to other provisions of the First Step Act that don't apply to this defendant. But there is not a route through which there could otherwise reopen the sentence. But frankly, this affirms the sort of impropriety of an errorless remand. If the court affirms the sentence but remands nevertheless, it's difficult to find a legal route for the district court to do anything either. The court has held that there was a legal sentence imposed and then it's before the district court again to do something. So we've submitted a 20HA on why I don't think 2106 validly applies here. 3742 sets forth the circumstances under which the court reviews sentences and can affirm or remand. I think that squarely applies here. And in the absence of some other error, I don't believe there's a legal route to remand just for the court to think about an issue. And I think there's no reason to do so because section 401 of the First Step Act doesn't apply here. To get to defendant's other arguments, I'll start with plain error. In both Renteria-Aguilar and Luque-Rodriguez, this court applied plain error review to unpreserved Lorenzo arguments. Those squarely apply here. In MemDIS. In MemDIS, that's correct. And defendant uses Pilares-Gallon and Walton in an attempt to get around those precedents. And neither of those applies. Pilares-Gallon actually involved a different argument about the same predicate conviction. And so what the court reasoned in Pilares-Gallon is that the defendant had challenged the same predicate below but on a different ground and was allowed to raise a new argument for that on appeal. Of course, that doesn't apply here. Defendant never challenged his 11378 conviction below. Moreover, in Pilares-Gallon, the issue had actually been brought to the district court's attention. There was a discussion on the record about the Taylor categorical problem. Defense counsel then didn't pursue it. But nevertheless, there was a record that had been brought to the district court's attention. That also isn't true here. Similarly, in Walton, there it was also brought to the district court's attention. I argued Walton. And the government there had fully briefed the categorical approach import of the convictions after the defendant objected. And so again, there's that difference. And then Walton also reasoned that it was a pure issue of law, which we don't think that's going to apply here. So there's no reason not to follow Renteria-Aguilar and Luque-Rodriguez. And with respect to Lorenzo's claim, of course, that implicates factual things that haven't been resolved and an unresolved also legal question. And then with respect to the Menz Rhea claim, defendant is seeking to expand the law or change the law. There's no binding precedent on that. And so she can't establish plenary. So is there a – do we compare the state offense to a categorical federal crime? No, Your Honor. The structure of this guideline, as you referenced, is a series of actus rei. It is – it goes to offenses that prohibit and then a series of nouns, manufacture, distribution, and so forth. Those have never been mapped to federal generic crimes, like looking to something in 841. So what do you deal with your friend's argument that they were matched and when they changed to this broader language, the commission said it didn't mean to change the law? I think we deal with the language that we have. And the language that we have is – and to be honest, it lines up with this Court's interpretation in Verduzco-Rangel and the Supreme Court's interpretation of a 924C provision in Dean. Verduzco-Rangel similarly looked at a provision of the INA that was about trafficking and analyzed that to mean that the state crime needed to have a trafficking element and that that did not come along with some kind of Menz Rhea. Similarly here, the plain language of the statute requires no Menz Rhea. You have these elements of manufacture, distribution. They on their face come along with no Menz Rhea. And similarly to what the Supreme Court analyzed in Dean, in Dean also – Dean was about whether or not a firearm is discharged during a 924C predicate offense. And it held that there was no Menz Rhea required there. And one of the reasons why is that similarly, an adjacent provision did have a Menz Rhea. If you brandish a firearm, it has to be to threaten. And so the Supreme Court reasoned, well, the Congress specified a Menz Rhea in that circumstance and not in this one, which suggests that this was a conscious choice. Similarly here, possession comes with a Menz Rhea. It has to be with intent. And none of the other actus regi do. Can I ask you the question that Judge Wardlaw posed, which is sort of troublesome from an administrative justice perspective. Let's assume for some reason or another, either after a hearing or on the basis that counsel in the first case argued, we found this statute to be overbroad. Rejected your position. We have a couple cases where people didn't raise the issue. And I assume that we should be reviewing under plain error for purposes of my question. So do we, do we say tough guys, you get the enhancement and Gamboa doesn't? Now I know that's, you know, people make choices and don't make arguments, but it does seem and I, and I do realize that in two Meb Disps, we've already said to people who didn't raise it, you get the enhancement. So I'm just asking in terms of dealing with these three cases in a sort of consistent way, what should we do? Yes, Your Honor. The answer would be that plain error review does have teeth here. And this, this actually comes back a bit to one of the points we were talking about with Gamboa, which is that there's no record of what any of these defendants would establish in a hearing anyway. And that's particularly notable in the plain error cases because in plain error, they have to establish some prejudice. And so just as we've done, there's an opportunity to try to say, here's what I would do if this went back. Here's a declaration that I would put in. Here's a scientist that says these isomers do exist. And nobody has done that. How would they do it on appeal? I think they would seek to take it. We wouldn't, we wouldn't consider the declaration from somebody on appeal? The court would not consider it for the facts. The court could consider it for the fact of its existence to say, I would be able to make this showing on remand. So of course the court wouldn't weigh in and say, I find this to be true or false. But the court could take notice of the fact of its existence as a declaration and say, there is some dispute that could be raised in the district court. This isn't meaningless. Mr. Manninger says he can raise such a dispute in the Gamboa case. He may be wrong. He may be right. But I take him at his word today. Let's assume he wins. He goes back in the district court and says, my God, you're right. There are geometric isomers. Then what do we do with these other two cases? These other two cases should nevertheless be affirmed because they cannot establish plain error. And I would encourage the court to ask more specific questions about whether or not they plan on putting forth scientific evidence that geometric isomers exist. Mr. Manninger respectfully dodged that question. Every other defense counsel that has argued this issue has dodged that question. And he may dodge it when he gets back to the district court, but I'm not going to make him answer about future plans today. The point being that particularly in these plain error cases, it's a defendant's burden to establish prejudice. No, I'm talking about the Gamboa case. I'm saying, oh, I'm sorry. Yeah. So let's assume he goes back in the Gamboa case and contrary to your expectations, produces a scientist from Caltech who says, ah, there is a geometric isomer. And the district court says, yes, there is. And therefore I adhere to my view that the statute is overbroad. Do we still say to Quintana and Gomez, you're out of luck? Yes, Your Honor, because that's what plain error review requires. If the court has no further questions, I will submit. All right. Thank you, counsel. You preserved a minute and a half. I think I've already covered my, my points about Polaris Galan and about Walton. I think what I'm curious about is what's your response that, um, to the argument that the First Step Act does not apply by its terms to your client? It does not apply by its terms, meaning it does not, apart from the Sixth Circus decision in Clark, which I did preserve here, which said that a sentence imposed is not imposed until it's final. If the court wants to go along with that decision. But our case law is different. Our case law is silent on that, right? Our case law is silent, though I would say, candidly, the Sixth Circuit is an outlier on that point. Um, but certainly I think there is, is some force to saying that a sentence is not final, or a sentence is not imposed until it's final. And there is the Sixth Circuit's decision in Clark that says that. Um, apart from that, unless the court accepts that, then the First Step Act does not apply by its terms to Mr. Quintana. But that's why I think it's important that these other cases have said, we can affirm and yet see an injustice and do something about it. We don't have to just idly by and watch that injustice occur. We can remand it. That also does, I think, affect or, or solve part of the plain error problem because if it goes down, it is clear that Mr. Quintana's 851 would go away. His guideline would come down by about seven years. Is it an injustice if, if, if it's what Congress intended? I think that what Congress intended means that, again, it's setting apart, for the moment, assuming the court does not follow Clark, it means that the court has to affirm on that First Step Act piece. It does not say what the court has to do about that second part of 2106, which says that even in the face of an affirmance, the court can remand it as circumstances as justice requires. All right. Thank you very much. Um, U.S. versus Quintana is submitted.
judges: Wardlaw, Hurwitz, Bataillon